IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARKESHA SINGLETON,<br>o/b/o her minor child, M.T.S.,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 2:11cv512-CSC<br>)                   (WO)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff Tarkesha Singleton filed this lawsuit on behalf of her daughter, M.T.S.,[1] to review a final judgment by defendant Michael J. Astrue, Commissioner of Social Security, in which he determined that M.T.S. is not "disabled" and therefore, not entitled to supplemental security income benefits. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security

---

[1]Pursuant to the E-government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the court has redacted the plaintiff's minor child's name throughout this opinion and refers to her only by her initials, M.T.S..

(Commissioner).[2] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The parties have consented to the undersigned United States Magistrate Judge rendering a final judgment in this lawsuit pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1. The court has jurisdiction over this lawsuit pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, the court concludes that the Commissioner's decision denying M.T.S. supplemental security income benefits should be affirmed.

## II. STANDARD OF REVIEW

An individual under 18 is considered disabled "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I) (1999). The sequential analysis for determining whether a child claimant is disabled is as follows:

1. If the claimant is engaged in substantial gainful activity, [s]he is not disabled.

2. If the claimant is not engaged in substantial gainful activity, the Commissioner determines whether the claimant has a physical or mental impairment which, whether individually or in combination with one or more other impairments, is a severe impairment. If the claimant's impairment is not severe, [s]he is not disabled.

---

[2] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

> 3. If the impairment is severe, the Commissioner determines whether the impairment meets the durational requirement and meets, medically equals, or functionally equals in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment satisfies this requirement, the claimant is presumed disabled.

*See* 20 C.F.R. § 416.924(a)-(d) (1997).

The Commissioner's regulations provide that if a child's impairment or impairments are not medically equal, or functionally equivalent in severity to a listed impairment, the child is not disabled. *See* 20 C.F.R. § 416.924(d)(2) (1997). In determining whether a child's impairment functionally equals a listed impairment, an ALJ must consider the extent to which the impairment limits the child's ability to function in the following six "domains" of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004); 20 C.F.R. § 416.926a(b)(1). A child's impairment functionally equals a listed impairment, and thus constitutes a disability, if the child's limitations are "marked" in two of the six life domains, or if the child's limitations are "extreme" in one of the six domains. *Shinn*, 391 F.3d at 1279; 20 C.F.R. § 416.926a(d).

In reviewing the Commissioner's decision, the court asks only whether his findings concerning the steps are supported by substantial evidence. *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance: it "is such relevant evidence as a reasonable person would accept as adequate

to support a conclusion." *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158–59 (11th Cir. 2004) (quotation marks omitted).  The court "may not decide the facts anew, reweigh the evidence, or substitute  . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).   The court must, however, conduct an "exacting examination of the [Commissioner's] conclusions of law." *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

### III. ISSUE

As presented by the plaintiff, the sole issue before the court is whether "[t]he ALJ erred in finding that the claimant did not "meet" the criteria for presumptive disability under Listing 112.05D." (Pl's Br., doc. # 14, at 2).  It is to this issue that the court now turns.

### III. DISCUSSION

**A. Introduction.**  M.T.S. was born on October 16, 2001.  She was eight years old on the date of the hearing. (R. 43). Her mother alleges an onset date of November 11, 2008, and asserts that M.T.S. is disabled due to developmental delays, asthma, headaches, and gastroesophageal reflux disease (GERD).  (R. 140).  Following the hearing, the ALJ found that M.T.S. was not engaged in substantial gainful activity, and had severe impairments of "asthma, developmental delay, speech language delay, gastroesophageal reflux disease, headaches, and borderline intellectual functioning." (R. 21).  The ALJ found that M.T.S.'s poor vision was not a severe impairment because M.T.S was wearing glasses at the

administrative hearing. (*Id*.) The ALJ further concluded that M.T.S. does not have an impairment or combination of impairments that meet or medically or functionally equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1., including Listings 103.03, Asthma, 112.10, Developmental Disorders, and 112.05, Mental Retardation. (R.21).

The ALJ next considered whether M.T.S.'s impairments were "functionally equal" a level of severity in a Listing. (R. 22-34). In order to functionally equal a listing, M.T.S.'s impairments must result in "marked" limitations in two or more of six functional domains or "extreme" limitation in one functional domain. 20 C.F.R. § 416.926a(a). These six functional domains are set forth in the applicable regulations: Acquiring and using information; Attending and completing tasks; Interacting and relating to others; Moving about and manipulating objects; Caring for yourself; and Health and physical well-being. *Id*. at 416.926a(b).

The ALJ concluded that M.T.S. has "a marked limitation" in the domain of acquiring and using information. (R. 29). Relying on assessments by teachers and standardized test scores, the ALJ determined that M.T.S. "has significant learning difficulties." (*Id*.) However, because "the most recent IEP review shows the Claimant is closing the gap between her intellectual capabilities and the grade level expectations," the ALJ found that M.T.S.'s functional limitations were marked and not extreme. (*Id*.)

The ALJ concluded that M.T.S. has "less than marked limitation" in the domain of attending and completing tasks, and health and well-being. (R. 29-30, 33). He further

concluded that M.T.S. has no limitation in the domains of interacting and relating to others, moving about and manipulating objects and self-care. (R. 30-32). The ALJ concluded that M.T.S. does not have an extreme limitation in one area of functioning, nor does she have a marked limitation in two areas of functioning. (R. 34). Thus, the ALJ determined that M.T.S. is not disabled. (*Id.*).

    **B. Presumptive Disability under Listing 112.05(D).** M.T.S. argues that the ALJ erred as a matter of law when he failed to find that she was presumptively disabled under Listing 112.05(D). According to M.T.S., the ALJ concluded that the only reason she did not meet the Listing was because she did not have "another physical or mental impairment that imposes significant functional limitations" on her. *See* Listing 112.05, Mental Retardation, 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 112.05(D). M.T.S. reads the ALJ's determination too narrowly. The ALJ considered all the evidence and concluded that "[t]he evidence provided indicates that the Claimant does not meet the criteria required" for Listings 103.03, Asthma, Listing 112.10, Developmental Delays, and Listing 112.05, Mental Retardation. (R. 21). When considering whether M.T.S. met Listing 112.05 for Mental Retardation, the ALJ also found that M.T.S. "does not have any impairment in social functioning caring for herself and other personal functioning, or marked limitations in maintaining concentration persistence and pace." (R. 22).

    In order to meet the Listing, it is not enough to simply have a physical or mental impairment. The plaintiff must establish that the physical or mental impairment "impos[es]

an additional and significant limitation of functioning." *See* Listing 112.05(D), Mental Retardation, 20 C.F.R. Pt. 404, Subpt. P, App. 1. Listing 112.05 relates to mental retardation.

> 112.05 *Mental Retardation*: Characterized by significantly subaverage general intellectual functioning with deficits in adaptive behavior.
> The required level of severity for this disorder is met when the requirements in A, B, C, D, E, or F are satisfied. . . .
>
> D. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant limitation of function; . . .

20 C.F.R. Pt. 404, Subpt. P App. 1, Listing 112.05(D).

It is undisputed that M.T.S. has a full scale score of 70 on the WISC-IV. (R. 303). However, an IQ score of 70, without more, does not establish that a claimant meets Listing 112.05(D). "The structure of for mental retardation (112.05) . . . is different from that of the other mental disorders." 20 C.F.R. Pt. 220, App. 1, 112.05 MENTAL DISORDERS.

> Listing 112.05 (Mental Retardation) contain six sets of criteria. If an impairment satisfies the diagnostic description in the introductory paragraph and any one of the six sets of criteria, we will find that the child's impairment meets the listing. For listings 112.05(D) and 112.05(F), we will assess the degree of functional limitation the additional impairment(s) imposes to determine if it causes more than minimal functional limitations, *i.e.*, is a "severe" impairment(s), as defined in § 416.924(c). If the additional impairment(s) does not cause limitations that are "severe" as defined in § 416.924(c), we will not find that the additional impairment(s) imposes an additional and significant limitation of function.

*Id. See also generally, Harris v. Comm'r of Social Sec.*, 330 Fed. Appx. 813 (11th Cir. 2009) (No. 08-15457). *See also Pettus v. Astrue*, 226 Fed. Appx. 946, 948 (11th Cir. 2007); *Humphries v. Barnhart*, 183 Fed. Appx. 887, 889 (11th Cir. 2006).

According to the plaintiff, because the ALJ found that she suffers from severe impairments at step 2 of the sequential analysis, perforce, she has additional, significant limitations which, coupled with her I.Q. scores, meet the requirements of the listing for mental retardation. "Implicit in this is the fact that an additional "severe" impairment at step 2 will impose a significant limitation." (Pl's Br., doc. # 14, at 6). The plaintiff's argument improperly conflates the step two "severe impairment" analysis with the Listing's requirement of "additional and significant limitation of function." A "severe impairment" for step two purposes does not also mean that the impairment causes "additional and *significant* limitation of function." The plaintiff must demonstrate that M.T.S.'s severe impairments of asthma and headaches cause additional and significant functional limitations sufficient to meet Listing 112.05(D). (Pl's Br., doc. # 14, at 8). This, she has failed to do.

At the administrative hearing, M.T.S. testified that she is able to play outside, ride her bike and her scooter, and play basketball. (R. 50). M.T.S.'s mother testified that M.T.S. has not had any asthma attacks because her medications work. (R. 59). Medical records indicate that M.T.S.'s asthma is controlled by medication, and she rarely uses her Albuterol inhaler. (R. 414). M.T.S.'s headaches are controlled by over the counter analgesics. (R. 417-19). She has not been prescribed medication to treat her headaches. M.T.S. was also referred to an ophthalmologist for her vision (R. 419) and at the hearing, she was wearing glasses. The court concludes that the plaintiff has failed to demonstrate that M.T.S.'s asthma and headaches cause additional and *significant* limitations sufficient to meet the requirements of Listing 112.05(D).

Moreover, it is not sufficient to merely demonstrate an IQ score in the appropriate range and an additional physical or mental impairment.  M.T.S. is also required to demonstrate that she has deficits in adaptive functioning sufficient to satisfy the diagnostic description in the introductory paragraph of §112.05. Thus, to meet the Listing, M.T.S. must demonstrate that she has "significantly subaverage general intellectual functioning with deficits in adaptive behavior," as well as the requisite level of severity for section D.  *Gray ex rel. Whymss v. Comm'r of Social Sec.*, 2011 WL 6091196 (11th Cir. Dec. 8, 2011) (No. 11-12839); *Elliot v. Astrue*, 2011 WL 1230542, * 12-13 (M.D. Fla., Mar. 30, 2011) (No. 3:09-cv-985-J-JRK).

The plaintiff argues that because her *Adaptive Behavior Assessment System - Second Edition (ABAS-II)* score was "within the extremely low range," she has demonstrated deficits in adaptive functioning.  (Pl's Br., doc. # 14, at 5).  She is entitled to no relief on this basis. While the regulations expect " marked" limitations with standardized testing scores  at least two deviations below the mean, the regulations do not mandate a finding of "marked" limitations based on test results alone.  *See also* 20 C.F.R. § 416.926a(e)(ii)(2).  In fact, the regulations repeatedly reiterate that the Commissioner will consider all the relevant information" in each case, including test results and descriptions from parents, teachers and other individuals. 20 C.F.R. § 416.926a. "Deficits in adaptive behavior" relates to the ability of people to interact and function on a daily basis.  The ALJ thoroughly and thoughtfully considered the extensive record of M.T.S., including her adaptive functioning, in determining that M.T.S. is not disabled.  (R. 28-34).  In so doing, the ALJ set forth detailed reasons for

9

every aspect of his opinion, including the weight given to the testimony of M.T.S., her mother, and her grandmother. The record supports the ALJ's determination that M.T.S. does not meet Listing 112.05(D) for a presumptive finding of disability.

## IV.  CONCLUSION

In short, the court has carefully and independently reviewed the record, and concludes that the ALJ's conclusion that M.T.S. is not disabled is supported by substantial evidence. Thus, the decision of the Commissioner should be affirmed.

A separate order will issue.

Done this 29th day of February 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE